In the Matter of Disciplinary Proceedings Against
Ann T. Bowe, Attorney at Law

Office of Lawyer Regulation, Complainant,

v.

Ann T. Bowe, Respondent.

Supreme Court

*No. 2010AP2527–D.—Decided June 24, 2011.*

2011 WI 48

(Also reported in 800 N.W.2d 367.)

¶ 1. PER CURIAM.    The Office of Lawyer Regulation (OLR) filed a five-count disciplinary complaint against Attorney Ann T. Bowe alleging professional misconduct arising from one client matter and seeking a 60–day suspension of her law license. Attorney Bowe did not contest the allegations of misconduct. Christine Harris Taylor was appointed referee. Following a hearing limited to the issue of discipline, Referee Taylor recommended the imposition of a public reprimand and costs.

¶ 2.    No appeal has been filed. The matter is submitted for this court's review pursuant to SCR 22.17(2).[1] We conclude the record supports the referee's findings of fact and conclusions of law. We agree with the referee's

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and

recommendation to impose a public reprimand. We order Attorney Bowe to bear the costs of this proceeding.

¶ 3.  Attorney Bowe was admitted to the practice of law in Wisconsin in 1980 and practices in Milwaukee. Her disciplinary history consists of a 1993 consensual private reprimand.[2]

[1]

¶ 4.  Attorney Bowe's professional misconduct in this case arises from a single client matter. In 2006 Cynthia M. retained Attorney Bowe to secure a divorce from her husband, John M., which subsequently formed the basis of the following counts:

> COUNT I:  By failing to serve the summons and petition for divorce on John, resulting in the failure to obtain personal jurisdiction over him and the subsequent vacatur of the Judgment more than a year after it had been obtained, [Attorney] Bowe violated SCR 20:1.3;[3]
>
> COUNT II:  By knowingly failing to serve the summons and petition for divorce on John as required by statute, and by prosecuting the case to judgment without informing the Court of the jurisdictional defect, [Attorney] Bowe violated SCR 20:3.4(c);[4]

conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] *See* Private Reprimand of Ann Bowe, 1993–24.

[3] All references to violations of the Wisconsin Supreme Court Rules are as pled in the OLR's complaint. SCR 20:1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 20:3.4(c) provides, "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

COUNT III: By signing and filing a certificate of compliance with statutory requirements that asserted, "The summons and petition were served on the respondent via the U.S. Postal Service on 03–13–06," knowing that the respondent had not been properly served, [Attorney] Bowe violated SCR 20:8.4(c);[5]

COUNT IV: By failing to serve or send John divorce pleadings or notices she filed with the court, [Attorney] Bowe violated SCR 20:3.5(b);[6]

COUNT V: By drafting and submitting in her proposed Judgment that "all necessary parties have been duly served and ordered to appear," and by submitting that proposed Judgment to the Court for execution when she knew the statement was false, [Attorney] Bowe violated former SCR 20:3.3(a)(1)[7].

¶ 5.   As noted, the disciplinary complaint's allegations are undisputed. Attorney Bowe mailed a copy of the summons and petition for divorce to John at the marital residence, along with an acknowledgement of service of the summons and petition for divorce for John to execute and return to Attorney Bowe. John

---

[5] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[6] SCR 20:3.5(b) provides a lawyer shall not: [C]ommunicate ex parte with such a person during the proceeding unless authorized to do so by law or court order or for scheduling purposes if permitted by the court. If communication between a lawyer and judge has occurred in order to schedule the matter, the lawyer involved shall promptly notify the lawyer for the other party or the other party, if unrepresented, of such communication; . . . ."

[7] Former SCR 20:3.3(a)(1) (effective through June 30, 2007) states a lawyer shall not knowingly "make a false statement of fact or law to a tribunal; . . . ."

never executed the acknowledgement of service and Attorney Bowe never received an executed acknowledgement of service from John. Because she did not serve John with a summons and petition for divorce in the divorce action, the circuit court lacked personal jurisdiction over him.

¶ 6.   Nonetheless, on June 22, 2006, knowing John had not been served, Attorney Bowe signed and filed a certificate of compliance with statutory requirements which stated: "The summons and petition were served on the respondent via the U.S. Postal Service on 03–13–06 . . . ." Service of a summons and petition for divorce by U.S Mail is not authorized by Wisconsin statute or common law to secure personal jurisdiction over a respondent in a divorce action.

¶ 7.   In the same document, Attorney Bowe certified to the court under penalty of perjury: "All . . . parties in this action have been served with a copy of this certificate of compliance." Attorney Bowe, however, had never served John with or otherwise conveyed to him the certificate of compliance.

¶ 8.   On June 22, 2006, Attorney Bowe prepared and caused to be executed by the court an order for a pretrial conference, which was required to be served upon John in advance of the July 6, 2006, conference. However, Attorney Bowe never served John with or otherwise conveyed to him the order for a pretrial conference. On July 6, 2006, the pretrial conference was held. John did not appear. The court set a temporary orders motion hearing for July 31, 2006, and a trial date of October 30, 2006.

¶ 9.   As a result of a domestic violence arrest and subsequent no-contact order, John moved from the marital residence on or about July 11, 2006. Attorney

Bowe's motion for temporary orders provided, in part, that on July 11, 2006, John was arrested and charged with battery and a no-contact order was entered forbidding contact with Cynthia in her home. Thus, Attorney Bowe acknowledged in her motion that John no longer resided in the marital residence.

¶ 10.   Nonetheless, the affidavit of mailing filed with the court indicated that on July 24, 2006, Attorney Bowe's assistant mailed to John, at the address of the marital residence, the notice of motion and motion for temporary orders for the July 31, 2006, hearing. When Attorney Bowe's assistant mailed the notice to John exclusively to the marital residence, Attorney Bowe knew that John no longer resided there and that address was no longer valid for him.

¶ 11.   Also, Attorney Bowe never conveyed to John notice of the October 30, 2006, trial date. Attorney Bowe knew John was not properly served with the summons and petition and the circuit court lacked personal jurisdiction over him. John did not appear at trial. On October 30, 2006, in John's absence, the circuit court judge granted a default divorce incorporating the terms of Cynthia's proposed marital settlement agreement. Attorney Bowe failed to notify the court before it granted the default divorce that John had not been served with the summons and petition and the court lacked personal jurisdiction over him.

¶ 12.   Attorney Bowe prepared the findings of fact, conclusions of law and judgment of divorce. The judgment stated "all necessary parties have been duly served and ordered to appear." The judgment listed as John's address the marital residence and incorporated Cynthia's proposed marital settlement, awarding her the marital residence and requiring John to pay $3,000 per month in child support.

¶ 13.   On November 15, 2006, Attorney Bowe conveyed a copy of the proposed judgment to John's criminal defense attorney. Under cover letter of November 21, 2006, Attorney Bowe conveyed the proposed judgment to the judge for signature and entry, and the judge signed it December 5, 2006. On December 12, 2006, the clerk of court entered the judgment and mailed copies to the parties.

¶ 14.   John subsequently filed a motion to reopen the divorce judgment. Following a March 12, 2008, evidentiary hearing on that motion, the circuit court found no evidence of proper service on John, vacated the judgment, and dismissed the divorce action. Represented by new counsel, Cynthia initiated a second divorce action on March 20, 2008. Following the conclusion of the first day of a contested trial on January 22, 2009, the parties were granted a divorce. At a stipulated divorce hearing on March 10, 2009, the court approved the remaining terms of the divorce.

¶ 15.   At the disciplinary hearing, Cynthia testified it was only after she received John's motion to reopen the divorce judgment that she learned for the first time John had not been served. She stated Attorney Bowe did not take any responsibility for the improper service. Cynthia said she needed to pay new court costs and hire a new attorney to review her case and represent her. Cynthia testified that because her divorce judgment had been vacated, her three children were fearful her husband, who had been in and out of jail, would be allowed back in the house, causing her to be on "a roller coaster ride emotionally and [she] was all [her] three kids had."

¶ 16.   Cynthia stated she was unsure how much in fees she had paid Attorney Bowe, and Attorney Bowe had not provided any financial restitution. Cynthia said

because she was just recovering from cancer, she did not keep track of what she paid; however, she estimated she had paid Attorney Bowe approximately $2,000 to $3,000. She believed Attorney Bowe was responsible for the $20,000 expended on her new attorneys, because they spent a lot of time reviewing her case that otherwise would have been unnecessary.

¶ 17. On cross-examination, Attorney Bowe's attorney inquired, "What makes you think . . . that if Ann Bowe had properly served your husband, anything that has happened in your second divorce would not have happened in the first?" Cynthia answered, "I don't think anybody knows that outcome."

¶ 18. Attorney Bowe testified at the disciplinary hearing Cynthia had paid a $1,000 retainer plus $250 in costs. Attorney Bowe acknowledged she was completely responsible for her misconduct and that she had "just screwed up." Attorney Bowe said she gave in to the pressure of getting the case over, and that she knows she should "not cut corners." Attorney Bowe testified she was willing to pay Cynthia's attorney fees for her new representation.

¶ 19. The OLR argued in favor of a 60–day license suspension due to the repetitive nature of Attorney Bowe's misconduct. The OLR claimed Attorney Bowe's many years of experience practicing law should be considered as an aggravating factor in assessing discipline. The OLR stated, however, as mitigating factors, no selfish motive of financial gain was shown, and there was no evidence of any motive other than to try and cut corners. Also, it pointed out, Attorney Bowe had been cooperative with the OLR and had shown remorse and accepted responsibility.

¶ 20. Nonetheless, the OLR asserted that consistent with Section 6.12 of the ABA Standards, a suspen-

sion is warranted when an attorney knows false statements are submitted to the court but takes no remedial action and causes a potentially adverse impact in a legal proceeding.

¶ 21. With respect to restitution, the OLR stated:

> OLR is not requesting restitution during the course of this proceeding. If there's going to be restitution, it's going to be handled between the parties or through litigation or what have you, but OLR is not requesting restitution.

¶ 22. Balancing the several factors, the referee concluded a public reprimand was sufficient discipline. The referee noted Attorney Bowe was privately reprimanded in 1993, but due to the lapse of time, that disciplinary history was not a factor. Also, the referee stated restitution was not an issue in these proceedings because if there would be restitution, it would be handled in another forum.

¶ 23. The referee found, as aggravating factors, that Attorney Bowe engaged in a pattern of misconduct arising out of one client matter and the number of violations was significant. However, the referee also found Attorney Bowe has a reputation for being a conscientious and competent attorney, who is well prepared and respected by other attorneys, court commissioners, and judges. The referee also found Attorney Bowe is an experienced lawyer, having been in practice for 26 years when the violations in this matter arose.

¶ 24. As mitigating factors, the referee found "a complete absence of dishonest or selfish motive" and no evidence indicating any financial gain, or that Attorney Bowe misled the court for other ulterior motives. The referee found, "Bowe's testimony was contrite, humble

and apologetic when she stated that ' . . . I succumbed to the pressure of somebody who really, really wanted to get this done instead of doing what I should have done, which is not cut corners.' "

¶ 25. Also, the referee determined Attorney Bowe had been cooperative with OLR in its investigation and during these proceedings. The referee found Attorney Bowe immediately accepted responsibility for her actions, expressed remorse, and recognized the impact on her client.

¶ 26. The court will affirm the referee's findings of fact unless they are clearly erroneous. *In re Disciplinary Proceedings Against Eisenberg*, 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The referee's conclusions of law are reviewed de novo. *Id.* Although this court takes into account the referee's recommendation, it does not accord it great weight because ultimately it is this court's responsibility to determine appropriate discipline. *See In re Disciplinary Proceedings Against Reitz*, 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. In its de novo review, the court considers the seriousness of the misconduct along with the need to protect the public, courts, and legal system from repetition of misconduct, and to impress upon the attorney the seriousness of the misconduct and deter other attorneys from engaging in similar misconduct. *In re Disciplinary Proceedings Against Alia*, 2006 WI 12, ¶ 88, 288 Wis. 2d 299, 709 N.W.2d 399.

¶ 27. Upon our independent review, we are satisfied the referee's findings of fact are not clearly erroneous and the record supports her conclusions. We agree with the referee's reasoning and conclude a public reprimand is sufficient discipline to achieve the goals of attorney discipline. Although we are persuaded a sus-

pension is not necessary to protect the public and the judicial system in this instance, Attorney Bowe is admonished that a public reprimand should not be interpreted as indicating this court is untroubled by her misconduct.

¶ 28. As noted in other cases involving misrepresentations to a court, an attorney's duty of candor toward the tribunal is central to the court's function. *See In re Disciplinary Proceedings Against Kohler*, 2009 WI 24, ¶ 38, 316 Wis. 2d 17, 31, 762 N.W.2d 377; *see also In re Disciplinary Proceedings Against Kalal*, 2002 WI 45, ¶ 1, 252 Wis. 2d 261, 643 N.W.2d 466. Attorney Bowe's repeated misrepresentations to the court are a serious breach of her obligations as an officer of the court.

¶ 29. Courts are entitled to expect strict compliance with an attorney's fundamental duty to adhere to the truth. Cutting corners in this instance was not only a disservice to her client but damaged the legal profession as well. We determine Attorney Bowe should be publicly reprimanded for her professional misconduct. We conclude she should be required to pay the full costs of this disciplinary proceeding, which were $2,728.53 as of March 22, 2011. No restitution was sought and none is ordered in this proceeding.

¶ 30. IT IS ORDERED that Ann T. Bowe is publicly reprimanded for her professional misconduct.

¶ 31. IT IS FURTHER ORDERED that within 60 days of the date of this order, Ann T. Bowe pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Ann T.

Bowe to practice law in Wisconsin shall be suspended until further order of the court.

¶ 32. SHIRLEY S. ABRAHAMSON, C.J. (*Dissenting*). Pursuant to SCR 22.17(2), I would order briefs on the issues of discipline and restitution. I therefore respectfully dissent.

¶ 33. I am authorized to state that Justices ANN WALSH BRADLEY and N. PATRICK CROOKS join this dissent.