# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP131-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Ann T. Bowe, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Ann T. Bowe,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BOWE

| | |
|---|---|
| OPINION FILED: | November 24, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2020AP131-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Ann T. Bowe, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

   **v.**

**Ann T. Bowe,**

       **Respondent.**

**FILED**

**NOV 24, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the report of Referee Robert E. Kinney which concluded that Attorney Ann T. Bowe's professional misconduct warrants a public reprimand. The referee further recommends that the full costs of this proceeding, which are $6,482.86 as of September 1, 2020, be assessed against Attorney Bowe.

¶2 No appeal has been filed from the referee's report and recommendation, so we review the matter pursuant to Supreme Court Rule (SCR) 22.17(2). Upon consideration of the referee's

report, the parties' stipulation, and the record in this matter, we agree that a public reprimand is an appropriate sanction for Attorney Bowe's misconduct. We also require her to pay the full costs of this proceeding.

¶3 Attorney Bowe was admitted to practice law in Wisconsin in 1980 and practices in Milwaukee. In 1993 she was the subject of a consensual private reprimand. The misconduct at issue in that case involved neglecting two matters for the same client; failing to keep the client reasonably informed; and making a misrepresentation to the Board of Attorneys Professional Responsibility. Private Reprimand No. 1993-24 (electronic copy available at https://compendium.wicourts. gov/app/raw/000110.html). In 2011, Attorney Bowe was publicly reprimanded for misconduct consisting of failing to act with reasonable diligence and promptness; failing to advise the court of a jurisdictional defect; filing a certificate of compliance with statutory requirements which contained false information; having ex parte communications with the court; and making a false statement to a tribunal. In re Disciplinary Proceedings Against Bowe, 2011 WI 48, 334 Wis. 2d 360, 800 N.W.2d 367.

¶4 On January 22, 2020, the Office of Lawyer Regulation (OLR) filed a complaint alleging two counts of misconduct. Attorney Bowe filed an answer on February 25, 2020. On July 2, 2020, the OLR filed an amended complaint which also alleged two counts of misconduct. On July 3, 2020, the OLR and Attorney Bowe filed a stipulation whereby she agreed that the facts alleged in the amended complaint formed a basis for the

2

imposition of a public reprimand. The following facts are taken from the stipulation and the amended complaint.

¶5   On December 6, 2016, L.W., Jr. was charged with hiding a corpse in a Dodge County case. The charge arose from the death of S.D., L.W.'s girlfriend and his first cousin. S.D.'s body was found in L.W.'s vehicle, which was parked in the garage of a house owned by L.W. in which M.J., L.W.'s biological mother, resided.

¶6   On December 6, 2016, M.J. was charged with harboring or aiding a felon which was related to L.W.'s case.

¶7   On December 8, 2016, the circuit court in L.W.'s criminal case ordered conditions of his bond that included him having no direct contact with M.J. or the immediate family of the victim. In addition, L.W. was to have no third-party contact with those persons except through an attorney or investigator.

¶8   On December 14, 2016, S.J., S.D.'s biological father, filed a wrongful death action against L.W. S.J. and M.J. are biological siblings.

¶9   At the preliminary hearing in L.W.'s criminal case, held on December 22, 2016, the court found probable cause and bound L.W. over for trial. An arraignment was scheduled for February 15, 2017.

¶10  On January 20, 2017, the Dodge County District Attorney filed an Information in the L.W. case charging first-degree intentional homicide-domestic abuse modifier; hiding a

3

corpse; incest; and two counts of possession of a firearm by a felon.

¶11 On February 14, 2017, Attorney Jason Richard on behalf of S.J. and the estate of S.D., filed a motion for a temporary restraining order in the wrongful death action restraining L.W. and/or his agents from transferring or dissipating any of L.W.'s assets, real or personal.

¶12 The arraignment in L.W.'s criminal case was rescheduled several times and ultimately was set for June 8, 2017.

¶13 On February 17, 2017, in the wrongful death action, the circuit court granted the temporary injunction restraining L.W. and/or his agents from transferring or dissipating assets for 90 days, with the exception of allowing the expenditure of up to $150,000 for legal fees. The circuit court issued its findings of fact and conclusions of law on February 24, 2017. That meant the temporary injunction would expire on or about May 25, 2017. Attorney Richard did not request a hearing to renew the temporary restraining order when it expired.

¶14 On May 26, 2017, Attorney Bowe met with L.W. at the Dodge County jail, at which time L.W. and Attorney Bowe signed a representation agreement. Attorneys Donna Kuchler and Aaron Nelson had been representing L.W. in his criminal case up to that point.

¶15 On May 29, 2017, L.W. sent a letter to Attorney Bowe in which he stated that the statements by witnesses with respect to the gun possession charges were "highly inconsistent" and

4

that DNA evidence on the guns was "inconclusive." L.W. said the charge of hiding a corpse was vague and there was "no prelim or showing proof of any probably cause to restrain his liberty." L.W. also wrote there was "no standing for a tenant or guest to override sole owner's consent or challenge of a search" which referred to M.J. and M.V., who were living at the house owned by L.W., where M.J. resided and where the corpse was found. L.W. concluded the letter by saying that "A good position we are in Ann is I am a Pre-trial detainee held in violation of U.S. Constitution. Pre-arraigned at that!"

¶16 On May 31, 2017, Attorney Bowe deposited $149,397.81 into her trust account. These were funds belonging to L.W., which were obtained from Attorney Kuchler.

¶17 On June 2, 2017, Attorney Bowe met with L.W. at the Dodge County jail. During that meeting L.W. signed a motion for substitution of counsel, which substituted Attorney Bowe and Attorney Michael Steinle for Attorneys Kuchler and Nelson.

¶18 On June 3, 2017, at L.W.'s request, Attorney Bowe wrote the following trust account checks from L.W.'s funds:

| | |
|---|---|
| M.J. (L.W.'s mother) | $ 3,000.00 |
| M.J. (L.W.'s grandmother) | $ 1,000.00 |
| D.M. (L.W.'s cousin) | $ 1,197.81 |
| D.P. (D.M.'s daughter) | $ 200.00 |
| S.J. (S.D.'s father) | $10,000.00 |
| T.J. (S.D.'s mother) | $ 7,500.00 |
| G.C. (L.W.'s friend) | $ 2,500.00 |

¶19 At the time Attorney Bowe wrote the checks, she knew that S.J. and T.J. were S.D.'s parents. S.J. and T.J. were potential State witnesses. Attorney Bowe also knew that M.J.

5

was a co-defendant in a criminal case and was a potential witness against L.W. in his criminal case.

¶20 On June 3, 2017, L.W. telephoned D.M. to ask him to pick up checks from Attorney Bowe's law office. D.M. was out of state at the time and instructed his daughter, D.P., to go to Attorney Bowe's law office to retrieve the checks. D.P. went to Attorney Bowe's law office that day and Attorney Bowe gave her checks made out to D.P., D.M., S.J., and T.J. D.P. left the check for T.J. at D.M.'s house and he subsequently gave that check to T.J.

¶21 On June 3, 2017, L.W. also telephoned G.C. to ask her to pick up checks from Attorney Bowe's law office. G.C. went to Attorney Bowe's law office that day and Attorney Bowe gave her checks made out to G.C., M.J., and M.J. (L.W.'s grandmother).

¶22 On June 8, 2017, a motion hearing was held in L.W.'s criminal case, at which time the circuit court dismissed Attorneys Kuchler and Nelson and allowed Attorneys Bowe and Steinle to serve as L.W.'s co-counsel. The arraignment was rescheduled for July 20, 2017.

¶23 On June 8, 2017, L.W. signed Attorneys Bowe's and Steinle's fee agreement. L.W. agreed to pay a flat fee of $100,000 for representation in the criminal case. Attorney Bowe wrote a trust account check in the amount of $50,000, dated June 2, 2017, payable to Attorney Steinle for his half of the flat fee.

¶24 On or about June 13, 2017, T.J. notified the Dodge County District Attorney's Office that she had received a check

6

for $7,500 from Attorney Bowe's law office and that S.J. had received a similar check for $10,000.

¶25 On June 27, 2017, Attorneys Bowe and Steinle met with L.W. at the Dodge County jail.

¶26 On July 10, 2017, Attorney Steinle filed a motion to withdraw from representing L.W., citing a breakdown in communication.

¶27 On July 14, 2017, the district attorney filed an "other acts" motion and a motion to disqualify Attorney Bowe in L.W.'s criminal case based on a conflict of interest likely to result in ineffective assistance of counsel. The "other acts" motion identified S.J., T.J., and M.J. as State witnesses. In the motion, the district attorney argued:

> The transfer of large amounts of money to State witnesses is designed to influence their testimony and their cooperation with the State in its prosecution. It is most telling that the mother and father of the victim are in receipt of the largest sums of money. The next largest documented amount is to his mother who is a witness to the events surrounding the homicide. All three are witnesses against him.

¶28 On July 17, 2017, Attorney Steinle was allowed to withdraw from representing L.W.

¶29 On July 13, 2017, Attorney Bowe wrote a trust account check payable to cash for $250. L.W. had instructed Attorney Bowe to deposit this amount into the account of an incarcerated female friend. On July 17, 2017, Attorney Bowe wrote a trust account check payable to cash for $5,000. On August 4, 2017, she wrote a trust account check payable to cash for $2,500. The

7

checks totaled $7,500, which is the fee amount L.W. and Attorney Bowe agreed that Attorney Bowe had earned out of the $50,000 flat fee.

¶30 On July 20, 2017, a motion hearing in L.W.'s criminal case was held, at which time Attorney Bowe was provided copies of the "other acts" motion and motion to disqualify her. Attorney Bowe agreed to withdraw from L.W.'s case, and the circuit court allowed her to do.

¶31 In the stipulation, Attorney Bowe agreed that her conduct in writing checks on behalf of L.W. to potential state witnesses carried a significant risk that her representation of L.W. would be materially limited by her personal interests.

¶32 By entering into the stipulation, Attorney Bowe admitted the following counts of misconduct alleged in the OLR's amended complaint:

**Count 1:** By issuing checks from her trust account to potential State witnesses against her client, Attorney Bowe violated SCR 20:1.7(a)(2).[1]

**Count 2:** By making three trust account checks payable to cash, Attorney Bowe violated SCR 20:1.15(f)(2)a.[2]

---

[1] SCR 20:1.7(a)(2) provides:

(a) Except as provided in par. (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

8

¶33 The parties state that the stipulation did not result from plea bargaining. Attorney Bowe represents that she fully understands the allegations; that she fully understands the ramifications should this court impose the stipulated level of discipline; that she fully understands her right to contest the matter; that that she fully understands her right to consult with counsel and that she has consulted with counsel; that her entry into the stipulation is made knowingly and voluntarily; that she has read the amended complaint and the stipulation and her entry into the stipulation represents her decision not to contest the allegations in the amended complaint or the level and type of discipline sought by the OLR's director.

¶34 The referee agreed that by issuing checks from her trust account to potential State witnesses in L.W.'s criminal case, Attorney Bowe engaged in conduct that created a significant risk that her representation of L.W. would be materially limited by her personal interest. The referee commented that at a July 14, 2020 hearing, Attorney Bowe explained the reason for writing the checks. Attorney Bowe said L.W. had settled a large personal injury case and had a large amount of money at his disposal. She said at the time the criminal charges were filed, there were various actions seeking to freeze or seize those funds. She said at the time L.W.

---

[2] SCR 20:1.15(f)(2)a. provides: "No withdrawal of cash shall me made from a trust account or from a deposit to a trust account. No check shall be made payable to "Cash." No withdrawal shall be made from a trust account by automated teller or cash dispensing machine."

9

retained her in the criminal case none of those actions had been successful, but L.W. feared that he would soon not have access to that money and while he still had it he wanted to make gifts to a number of people, using her to disburse the funds. The referee commented, "one need not dwell on the possible hypothetical problems that this could have created; the details of this case are living proof that this was a bad idea." The referee said to Attorney Bowe's credit, she realized she could not defend against the district attorney's motion to remove her from the case and she immediately stepped aside. The referee noted that Attorney Bowe's counsel commented that Attorney Bowe, "perceived as a necessity the appeasing of a difficult client, as [L.W.] most certainly was."

¶35 The referee concluded that a public reprimand was an appropriate sanction for Attorney Bowe's misconduct.

¶36 This court will affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law de novo. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶37 There is no showing that any of the referee's findings of fact, which are largely derived from the parties' stipulation, are clearly erroneous, so we adopt them. We also

10

adopt the referee's conclusions of law with respect to the alleged misconduct.

¶38 With respect to the sanction, we agree that a public reprimand is an appropriate sanction. While no two cases are preciously identical, we find that Public Reprimand of Kristin Schrank, No. 2018-08 (electronic copy available at https://compendium.wicourts.gov/app/raw/003045.html) is somewhat analogous. Attorney Schrank was an assistant district attorney. Her responsibilities included answering questions and assisting law enforcement during non-business hours. While working at a different part-time job, Attorney Schrank asked a friend, who was a former assistant district attorney but who was not authorized to answer the duty district attorney phone at that time, to respond to any calls from law enforcement.

¶39 During that time, officers from a police department attempted to contact Attorney Schrank about an arrestee's refusal to consent to a blood draw following an operating while intoxicated arrest with injuries. Attorney Schrank's friend answered the call and advised the officer to obtain a search warrant. The friend represented himself as an intern at the district attorney's office and gave the name of an intern. Attorney Schrank subsequently appeared in court on the matter and dismissed the case without providing any reason. Following an investigation into her conduct, Attorney Schrank was convicted of misdemeanor attempted misconduct in public office. Her personal interest presented a conflict of interest. Like Attorney Schrank, Attorney Bowe made poor decisions in writing

11

checks to potential witnesses in L.W.'s case, which ultimately created a conflict of interest that impacted the administration of justice.  A public reprimand is warranted.

¶40  IT IS ORDERED that Ann T. Bowe is publicly reprimanded for her professional misconduct.

¶41  IT IS FURTHER ORDERED that within 60 days of the date of this order, Ann T. Bowe shall pay to the Office of Lawyer Regulation the costs of this proceeding, which total $6,482.86 as of September 1, 2020.

12